ROBERT L. WILSON

*v.*

GEORGE M. SAWYER *et al.*

VENDOR'S LIEN — *waived by taking security.* Where the vendor of land takes the purchaser's promissory note with personal security for the unpaid purchase money, and afterwards, by direction of the purchaser, conveys the land to a third person, and assigns the note, the presumption of a lien will be repelled, especially after the lapse of several years.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the plaintiff in error.

Mr. J. E. McPHERRAN, for the defendants in error.

Per CURIAM: This was a bill by plaintiff in error to subject certain lands owned by one Eliza M. Smith to a vendor's lien for purchase money, and subject it to the payment of a certain judgment recovered by one Silas R. Wilson against defendants in error, Burditt and Sawyer. The bill is not sustained by the

proofs. It alleges a sale of the lands to Burditt and Sawyer jointly, whereas the proof shows the contract of sale was entered into March 20, 1858. It was in writing, under seal, and was between plaintiff in error as vendor and Burditt as purchaser. One hundred dollars was paid in cash and Burditt gave his note for $293.68, payable in one year, with Sawyer's name upon it. In September, same year, by Burditt's directions, plaintiff in error and wife executed a deed of this land to the above named Eliza M. Smith, who has ever since owned it. Plaintiff assigned said note to said Silas R. Wilson, who, in 1867, brought suit upon it and recovered judgment in his name, on which he has sued out execution. This bill was filed in January, 1870. We are of opinion that by taking Burditt's note with the name of a third person upon it, presumptively as a surety, conveying the lands to Smith and assigning that note to Silas R. Wilson, the presumption of a lien is repelled. Especially is this so in view of the lapse of time. The decree of the circuit court dismissing the bill is affirmed.

*Decree affirmed.*